**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| BILLY WASS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. |
| | § | |
| AMERIGROUP, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant Amerigroup Texas, Inc.[1] ("Amerigroup" or "Defendant") hereby removes this action from the 271st Judicial District Court, Wise County, Texas, to this Court pursuant to and in accordance with 28 U.S.C. §§ 1331, 1441, and 1446.  Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C § 1331.  Accordingly, Defendant removes this action to this Court, and in support thereof, states the following:

**I.      BACKGROUND**

1.      On April 8, 2020, Plaintiff Billy Wass ("Plaintiff") filed an "Original Petition for Relief" (the "Complaint") against Defendant in the 271st Judicial District Court, Wise County, Texas, Case No. CV-8345. Copies of the state docket report and Complaint as received via mail are attached hereto as **Exhibit A**.

---

[1] Plaintiff improperly identifies Defendant as "Amerigroup/Amerigroup Health Insurance" in his Original Petition for Relief.  See Exhibit A at 1.  The proper entity is Amerigroup Texas, Inc.

2.      This Notice of Removal is being filed within thirty days of service of the Complaint on Defendant.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

3.      In the Complaint, Plaintiff alleges that Defendant is liable for "knowingly, willingly, and intentionally" calling and/or texting Plaintiff "in violation of Federal and State law" including requesting treble damages "under TCPA laws." (Compl. p. 5.)  Based on the cumulative allegations in the Complaint, Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"). *Id.*  While Plaintiff's Complaint is difficult to discern, it also appears Plaintiff alleges violations of Texas Business and Commerce Code Chapter 304.

4.      Defendant denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged by Defendant in any manner.  Nevertheless, assuming that Plaintiff's claims are valid for jurisdictional purposes only, Plaintiff could have originally filed his Complaint in this Court under federal question jurisdiction.  Removal of this entire case is therefore proper under 28 U.S.C. §§ 1331 and 1441.

## II.     **FEDERAL QUESTION JURISDICTION**

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

42062058

7.      In his Complaint, Plaintiff appears to allege that Defendant violated the TCPA by placing calls to Plaintiff after he revoked consent (Compl., p. 3) and despite his telephone number being on the Do-Not-Call ("DNC") list. (Compl., p. 2.)

8.      Federal question jurisdiction exists over this action because the claims asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.   This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under and requires a ruling on the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387, 132 S. Ct. 740, 753, 181 L. Ed. 2d 881 (2012) (confirming that federal courts have § 1331 jurisdiction over claims that arise under federal law, including TCPA claims); *Schopp v. Fora Fin. Holdings, LLC,* No. 4:16CV128, 2016 WL 878325, at *2 (E.D. Tex. Mar. 7, 2016) (confirming that defendant properly removed a case when, on its face, the complaint alleged violations of the TCPA and sought damages thereunder), *rec. adopted*, 2016 WL 1572351 (E.D. Tex. Apr. 19, 2016).

9.      Plaintiff's claims purporting to arise under Texas law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy.   Under the doctrine of supplemental jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. *See Holman v. U.S. Bank, N.A.*, No. 3:16-CV-2125-N (BF), 2016 WL 8116146, at *1–3 (N.D. Tex. Dec. 16, 2016) (analyzing the supplemental jurisdiction and confirming that where the claims in a case are closely interconnected and arise out of the same allegations, supplemental jurisdiction is appropriate), *report and recommendation adopted*, No. 3:16-CV-2125-N (BF), 2017 WL 386831 (N.D. Tex. Jan. 27, 2017). This court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same "nucleus of

operative fact"—namely, telephone calls placed to Plaintiff—as his valid federal claims. *Id.* at *3. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

## III.   <u>VENUE</u>

10.   Venue is proper in this Court because this district and division encompasses the 271st Judicial District Court, Wise County, Texas, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## IV.   <u>NOTICE</u>

11.   Concurrent with the filing of this Notice, Defendants will file a Notice of Filing of Notice of Removal with the Clerk of the 271st Judicial District Court, Wise County, Texas, a copy of which is attached hereto as Exhibit B.

WHEREFORE, Amerigroup Texas, Inc. hereby removes this action to this Court.

Dated:        May 7, 2020                        Respectfully submitted,


                                               s/ *Virginia Bell Flynn*
                                               Virginia Bell Flynn, Bar No. 24101258
                                               TROUTMAN SANDERS LLP
                                               Troutman Sanders Building
                                               1001 Haxall Point
                                               P.O. Box 1122 (23218-1122)
                                               Richmond, VA  23219

                                               ATTORNEYS FOR DEFENDANT
                                               AMERIGROUP TEXAS, INC.

42062058

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Texas that, on May 7, 2020, she caused to be served on the person(s) listed below in the manner shown:

**DEFENDANT'S NOTICE OF REMOVAL**

Billy Wass (Bill Wass)
1163 County Road 2610
Krum, TX 76249

[x] United States Mail, First Class

[x] Federal Express

[ ] By Messenger

[ ] By Facsimile

Dated at San Diego, CA, this 7th day of May, 2020.

_Erika Schmidt_
Erika K. Schmidt

42062058