IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BILLY WASS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00445-BP |
| | § | |
| AMERIGROUP TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Before the Court are two motions: (1) Defendant's Motion to Dismiss, ECF No. 7; Plaintiff's Response, ECF No. 11; and Defendant's Reply, ECF No. 14; and (2) Plaintiff's Motion to Remand, ECF No. 9; and Defendant's Response, ECF No. 12. After considering the pleadings and applicable legal authorities, the undersigned **ORDERS** that Defendant's Motion to Dismiss, ECF No. 7, shall be **GRANTED** unless Plaintiff files an amended complaint within fourteen days from the date of this Memorandum and Opinion. Plaintiff's Motion to Remand, ECF No. 9, is **DENIED**.

### I.     BACKGROUND

In this case removed from state court, *pro se* Plaintiff Billy Wass ("Wass") sued Defendant Amerigroup Texas, Inc. ("Amerigroup") in County Court at Law No. 2 of Wise County, Texas. ECF No. 5 at 1. In his petition, Wass alleges that Amerigroup violated the Telephone Consumer Protection Act ("TCPA") and Chapter 304 of the Texas Business and Commerce Code by calling and sending text messages to his phone even though he is on the national and Texas "do not call lists." ECF No. 5-1 at 4, 7 (citing Telephone Consumer Protection Act, 47 U.S.C. § 227 (2020); Tex. Bus. & Com. Code §§ 304.001–304.259 (2019)). He alleges that some of the calls were "robo-

calls" that did not provide an avenue for removing one's phone number from the call list. *Id.* at 4. Amerigroup filed a notice properly removing the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 5 at 1.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *id.* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, documents properly attached to the complaint or incorporated by reference and matters of which a court may take judicial notice. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice [an adjudicative fact] that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

2

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation and internal quotation marks omitted)); *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice because dismissing with prejudice would be "too harsh a sanction").

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

3

III.     ANALYSIS

A.     **Amerigroup's removal notice was timely.**

Amerigroup timely removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 5 at 1. Federal courts can assert jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Wass alleges violations of 47 U.S.C. § 227 and 15 U.S.C. §§ 57a and 6102. These are federal statutes, so his suit is a civil action arising under the laws of the United States, and this Court may hear it.

Under 28 U.S.C. § 1367(a), a federal court may assert supplemental jurisdiction over state law claims that are so related to the original claims that they form part of the same case or controversy, "deriv[ing] from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Here, in addition to Wass's TCPA claims, he alleges violations of Chapter 304 of the Texas Business and Commerce Code. Both the federal and state claims on the face of the pleadings concern the same core factual issue: telephone communications from Amerigroup to Wass. *See* ECF No. 5-1. The claims are sufficiently related for purposes of section 1367(a), and this Court may properly hear the state law claim under the doctrine of supplemental jurisdiction.

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law . . . ." *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 826 (N.D. Tex. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). "Section 1441(a), the general removal statute, permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Home Depot USA, Inc. v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019) (citing 28 U.S.C. § 1441).

4

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The Supreme Court has interpreted this language to mean "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

> Unless the defendant has waived, the 30–day period under the removal statute does not begin to run until formal service of process has been made on Defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999); *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). The term "service of process" as used by the Supreme Court in *Murphy Bros.* is "defined by state law." 526 U.S. at 356. Under Texas state law, formal service requires service of the citation. *See* Tex. R. Civ. P. 106(a); *Soin v. JPMorgan Chase Bank, N.A., et. al.*, No. 4–14–1861, 2014 WL 4386003, [at] *1 (S.D. Tex. Sept. 4, 2014).

*Powe v. Deutsche Bank Nat'l Tr. Co.*, No. 4:15-CV-661-ALM-CAN, 2015 WL 10013787, at *3 (E.D. Tex. Dec. 23, 2015), *rec. adopted*, No. 4:15-CV-661, 2016 WL 475181 (E.D. Tex. Feb. 8, 2016).

The facts of *Powe* are similar to those here. In *Powe*, the plaintiff sent a copy of the petition to the defendant via email on July 31, 2015, and the defendant acknowledged receipt of it. *Id.* at 1–3. The defendant removed the case on August 28, 2015. *Id.* at 1. Prior to removal, citation was not issued, and the defendant did not waive its right to service. *Id.* at 3. The court held that the informal email exchange between the parties did not constitute formal service. *Id.* Because the defendant had not been formally served when he filed the notice of removal, the 30-day period had not begun running, and the removal was timely. *Id.*

Likewise, Wass argues that Amerigroup did not file a timely notice of removal. ECF No. 9 at 6. He asserts that on April 6, 2020, he emailed a copy of the petition to Amerigroup's counsel,

5

who acknowledged receipt. ECF Nos. 9 at 4–5; 12 at 2. On April 8, 2020, Wass filed the petition in state court. ECF No. 5-1 at 2. Amerigroup filed a notice of removal on May 7, 2020 and filed an amended notice on May 8, 2020. ECF Nos. 1, 5. Wass did not formally serve Amerigroup, so when Amerigroup filed the initial and amended notices of removal, the 30-day period had not begun. *See* ECF No. 12 at 2. Accordingly, Amerigroup's amended notice of removal was timely.

**B.** **Wass does not state a claim under the TCPA.**

*1.* *Wass does not state a claim under 47 U.S.C. § 227(b).*

Section 227(b)(1) of the TCPA prohibits "any person within the United States" from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to . . . a cellular telephone service . . . ." 47 U.S.C. § 227(b)(1). Subsection (b)(2) prohibits calls "to any residential telephone line using an artificial or prerecorded voice . . . ." *Id.* § 227(b)(2). Under the TCPA, a text message qualifies as a call. *Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136 S. Ct. 663, 666–67 (2016). The relevant definition of an automatic telephone dialing system is "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Subsection (b)(3) provides a private right of action for violations of § 227(b). *Id.* § 227(b)(3). "To be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015).

Wass argues that Amerigroup violated the TCPA by making calls to him that used an artificial or prerecorded voice and an automatic telephone dialing system. ECF No. 5-1 at 7. In Wass's initial pleading, he does not allege whether the calls were to a residential phone or a cellular

6

phone. *See* ECF No. 5-1. He contends that he received one call while in his truck and one while in his car, so it appears that the calls went to his cellular phone rather than to a residential phone. *See id.* at 5. But, because he has not pleaded facts to support a claim that Amerigroup used an automatic telephone dialing system or a prerecorded or artificial voice, the outcome here would be the same regardless of the type of phone that received the calls.

Wass contends that Amerigroup placed five calls to his phone, and at least four of them were "by automation 'Robo-Calls' [that] provided no form of removal from the lists." ECF No. 5-1 at 4–5. He alleges that Amerigroup used a prerecorded voice when calling his phone, and he has never had a business relationship with or agreed to be contacted by Amerigroup. *Id.* at 4–5. He notes that the first call he received began to play a "pre-recorded message," and he alleges that "[t]he third time the automated system called [him]," he "hop[ed] to speak to a person to tell them to stop calling [him]." *Id.* He further asserts that "the automated system called" a fourth time. *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555); *see Saragusa v. Countrywide*, No. 14-2717, 2016 WL 1059004, at *4 (E.D. La. March 17, 2016). Wass does not provide substantive factual allegations about the source, time, and frequency of the calls. *See Ford v. Fitness Int'l, LLC*, No. 3:17-CV-1460-L-BT, 2018 WL 4376415, at *4 (N.D. Tex. Aug. 15, 2018), *rec. adopted*, No. 3:17-CV-1460-L, 2018 WL 4362606 (N.D. Tex. Sept. 13, 2018); *see also Cunningham v. Techstorm, LLC*, No. 3:16-CV-2879, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (plaintiff failed to state a TCPA claim when he did not provide the dates, times, or frequency of the calls). He notes that one call was on "a Friday evening, November 8th if memory serves (this will be amended on discovery)." ECF No. 5-1 at 5. He does not, however, provide information in his petition about the dates or times of the other four calls. *See*

ECF No. 5-1. He also does not provide factual allegations to support his conclusion that Amerigroup used an automatic telephone dialing system. *See id.*

The Court recognizes that "the Plaintiff is not required to plead specific details of every alleged offense or facts that may only be obtained through discovery . . . ." *Cunningham*, 2017 WL 721079, at *2. But Wass must plead at least some relevant facts relating to the calls he claims to have received, such as the approximate dates of the calls or the phone number of the caller. *See id.* (noting that plaintiff failed to state a TCPA claim when he did not plead the caller's phone number or the approximate times and dates of the calls). The Court concludes that Wass has not pleaded facts enough to support a claim under 47 U.S.C. § 227(b).

2.      *Wass does not state a claim under 47 U.S.C. § 227(c).*

Subsection (c) of the TCPA provides guidelines for the FCC to follow when drafting telemarketing regulations. 47 U.S.C. § 227(c). It also provides a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" that require telephone solicitors to establish and implement do-not-call lists and other methods of protecting residential telephone subscribers' privacy rights. *Id.* Subsection (c) does not apply to Wass's claim because he has not pleaded that Amerigroup's calls to him were telephone solicitations or that Amerigroup called his residential telephone. *See* ECF No. 5-1.

The TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person . . . ." 47 U.S.C. § 227(a)(4). The term "does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or

(C) by a tax exempt nonprofit organization." *Id.* Wass contends that at least one of Amerigroup's calls was a "sales call." ECF No. 5-1 at 5. He also alleges that he spoke with "multiple legal representatives of [Amerigroup]" who told him "they were not really trying to sell [him] something" but "were trying to sell someone else something." *Id.* at 6. These allegations do not constitute "factual content that allows the court to draw the reasonable inference that [Amerigroup] is liable for" making telephone solicitation calls to Wass. *See Iqbal*, 556 U.S. at 678; ECF No. 5-1. Further, even if Wass had properly alleged that Amerigroup's calls were telephone solicitations, he has not stated a claim under 47 U.S.C. § 227(c) because he has not pleaded that he received the calls on his residential telephone. *See* ECF No. 5-1. The Court concludes that Wass has not pleaded facts sufficient to support a claim under 47 U.S.C. § 227(c).

Wass further alleges that because he is on the Federal Do Not Call List, Amerigroup acted unlawfully by calling him. ECF No. 5-1 at 4. Section 227(c)(3) of the TCPA authorizes the FCC to create a database of "telephone numbers of residential telephone subscribers who object to receiving telephone solicitations." 47 U.S.C. § 227(c)(3). It requires any regulations creating such a database to "prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database." *Id.* The relevant regulation states: "No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). This rule also applies to telephone solicitations to wireless telephone numbers. *Id.* § 64.1200(e) (citing In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, 14116 (2003)).

The prohibition against calls to phone numbers on the Do Not Call List only applies to telephone solicitations as defined under 47 U.S.C. § 227(a)(4). *Morris v. UnitedHealthcare Ins. Co.*, No. 4:15-CV-00638-ALM-CAN, 2016 WL 7115973, at *8 (E.D. Tex. Nov. 9, 2016), *rec. adopted*, No. 4:15-CV-638, 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016) (citing *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 558 (D. Colo. 2014) ("The National Do-Not-Call List does not apply to calls that do not fall within the definition of 'telephone solicitation' as defined in section 227(a)(3).")). Wass has not sufficiently alleged that Amerigroup's calls to him were telephone solicitations, so he has not stated a claim under 47 U.S.C. § 227(c).

### C.      Wass does not state a claim under 15 U.S.C. §§ 57a or 6102.

Wass argues that Amerigroup violated 15 U.S.C. §§ 57a and 6102. ECF No. 5-1 at 4. These statutes apply to deceptive telemarketing practices, and Wass has not pleaded that Amerigroup engaged in telemarketing. *See* ECF No. 5-1. Telemarketing is defined, in relevant part, as "a plan, program, or campaign which is conducted to induce purchases of goods or services, or a charitable contribution, donation, or gift of money or any other thing of value, by use of one or more telephones and which involves more than one interstate telephone call." 15 U.S.C. § 6106. Wass has not pleaded facts to support an allegation that Amerigroup created a plan, program, or campaign to induce him to purchase anything or contribute anything of value. *See* ECF No. 5-1. He contends that one of the calls was a "sales call," but he does not allege facts about what Amerigroup tried to sell to him. *Id.* at 5. Because he has not pleaded sufficient facts, he does not state a claim under 15 U.S.C. §§ 57a or 6102.

### D.      Wass does not state a claim under Tex. Bus. & Com. Code Chapter 304.

Wass alleges that Amerigroup violated Chapter 304 of the Texas Business and Commerce Code. ECF No. 5-1 at 4. Chapter 304 sets forth the relevant laws concerning the Texas No-Call

10

List, which is similar to the Federal Do-Not-Call List. *See* Tex. Bus. & Com. Code §§ 304.051–304.063. Section 304.052 states that a "telemarketer may not make a telemarketing call to a telephone number published on the Texas no-call list more than 60 days after the date the telephone number appears on the current list." The Code defines a telemarketer as "a person who makes or causes to be made a telemarketing call." *Id.* § 304.002(8). It defines a "telemarketing call" as

> an unsolicited telephone call made to: (A) solicit a sale of a consumer good or service; (B) solicit an extension of credit for a consumer good or service; or (C) obtain information that may be used to solicit a sale of a consumer good or service or to extend credit for the sale.

*Id.* § 304.002(9). Section 304.257 provides a private right of action for consumers on the Texas no-call list based on violations of Subchapter B, which includes Section 304.052.

Wass alleges that he is on the Texas no-call list, but he has not pleaded facts to show that when Amerigroup called him, they solicited a sale or extension of credit, or information that may be used to solicit a sale or extension of credit. *See* ECF No. 5-1. Accordingly, he has not stated a claim under Section 304.257.

## IV.    CONCLUSION

Because Amerigroup properly removed the case to this Court, Wass's Motion to Remand, ECF No. 9, is **DENIED**. Wass does not state a claim under federal or state law, but the Court is not persuaded that he has pleaded his best case. Accordingly, the undersigned will allow Wass an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and addresses the deficiencies noted in this Memorandum and Opinion within fourteen days from the date shown below.

"When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (citing *Wong v.*

*Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). The pendent claims should be dismissed without prejudice so the plaintiff may refile his claims in the appropriate state court. *Id.*

If Wass files an amended complaint within the fourteen-day time period, Amerigroup's Motion to Dismiss, ECF No. 7, will be **DENIED** as moot, and the action will be allowed to proceed on the amended complaint. If Wass does not file an amended complaint within that time period, Amerigroup's Motion to Dismiss, ECF No. 7, will be **GRANTED**, Wass's federal law claims against Amerigroup will be **DISMISSED WITH PREJUDICE**, and his state law claims against Amerigroup will be **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED** on August 3, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE